STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WALKER
2023 OK 6
Case Number: SCBD-6960; Cons. w/SCBD 7327
Decided: 01/30/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 6, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KENNETH SHANE WALKER, Respondent.

ORDER APPROVING RESIGNATION PENDING
DISCIPLINARY PROCEEDINGS

¶1 The State of Oklahoma ex rel. Oklahoma Bar Association (Complainant) has presented this Court with an application to approve the resignation of Kenneth Shane Walker (Respondent) from membership in the Oklahoma Bar Association (OBA No. 19628). Respondent wishes to resign pending disciplinary proceedings and investigation into alleged misconduct, as provided in Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2021, ch. 1, app. 1-A.

a. On January 10, 2023, the Respondent offered to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

b. The Respondent tendered his resignation freely and voluntarily, without coercion or duress, and he was fully aware of the consequences of submitting his resignation.

c. The Respondent acknowledged that the Complainant's Office of the General Counsel was investigating certain allegations of professional misconduct against him. The Respondent was admitted to the Oklahoma Bar Association on March 3, 2003, and his bar number is 19628. On July 1, 2020, the Complainant instigated disciplinary proceedings against the Respondent pursuant to Rule 6, RGDP, case number SCBD 6960. The complaint was based upon the Respondent's representation of Dawn Fambrough. The Respondent was hired to represent Fambrough in a class action lawsuit. Upon settlement of the lawsuit, Respondent was accused of not paying the correct amount to the client. He was also accused of not properly safeguarding funds, providing false and misleading documents regarding his case, dishonesty in his representation of his client, making misrepresentations to the Oklahoma Bar Association, and failure to communicate properly with his client. The Respondent was licensed to practice law in both Oklahoma and Texas. A complaint had also been filed in Texas concerning the same client and issues. A hearing in SCBD 6960 was stayed pending the Texas disciplinary proceedings. The Respondent was ultimately suspended from the practice of law in Texas for ten years, beginning on June 24, 2021 (Commission for Lawyer Discipline v. Kenneth Shane Walker, Case No. 201803859, District 6 Grievance Committee of the State Bar of Texas). The Respondent appealed the suspension on August 20, 2021. On October 4, 2021, the Respondent's name was stricken from the roll of attorneys in Oklahoma due to failure to pay bar dues. His Texas appeal was later dismissed on August 24, 2022. The Respondent did not notify the Complainant about his Texas suspension as required by Rule 7.7, RGDP. Thereafter, on September 23, 2022, the Complainant filed a Notice of Disciplinary Action in Another Jurisdiction, case number SCBD 7327, pursuant to Rule 7.7, RGDP. The two disciplinary matters, SCBD 6960 and SCBD 7327, were consolidated into SCBD 6960 on October 26, 2022, by order of this Court. On November 17, 2022, this Court ordered the Professional Responsibility Tribunal to hold a combined hearing and to issue a single report. Prior to any hearing, the Respondent executed an affidavit regarding resignation pending disciplinary proceedings on January 10, 2023. The Complainant filed the affidavit along with its Application for Order Approving Resignation Pending Disciplinary Proceedings on January 17, 2023, pursuant to Rule 8.2, RGDP.

d. The Respondent's affidavit states he is aware that the allegations concerning the conduct specified above, if proven, would constitute violations of Rules 1.4, 7.1, 8.4(a), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2021, ch.1, app. 3-A; Rule 1.3, RGDP; and of his oath as an attorney.

e. The Respondent further acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former client(s). Should the Oklahoma Bar Association approve and pay such Client Security Fund claims, the Respondent agrees to reimburse the fund for both the principal amount and the applicable statutory interest before filing any application seeking reinstatement.

f. The Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five (5) years from the effective date of this Court's approval of his resignation; he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11, RGDP.

g. The Respondent has agreed to comply with Rule 9.1, RGDP within twenty (20) days following the date of this resignation.

h. The Respondent's resignation pending disciplinary proceedings is in compliance with Rule 8.1, RGDP.

i. The Respondent's name and address appears on the official roster maintained by the Oklahoma Bar Association as follows:

Kenneth Shane Walker
1722 N. College Ave., Ste. C #224
Fayetteville, AR 72703

j. In its application, the Complainant indicated that no costs were incurred in this matter and that no reimbursement would be necessary.

k. The Respondent's resignation should be approved.

l. This Order accepting the Respondent's resignation is to be effective as of January 17, 2023, the date the application for approval of his resignation was filed in the Court.

¶2 It is therefore ORDERED that Complainant's application is approved and Respondent's resignation during the pendency of disciplinary proceedings is accepted and approved effective January 17, 2023.

¶3 It is further ORDERED that Respondent's name remain stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to January 17, 2028.

¶4 It is further ORDERED that the Respondent comply with Rule 9.1, RGDP, by no later than twenty (20) days from the date of this order.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 30th day of JANUARY, 2023.

ACTING CHIEF JUSTICE

KANE, C.J., ROWE, V.C.J., KAUGER, WINCHESTER, COMBS, GURICH, DARBY, and KUEHN, JJ., - concur

EDMONDSON, J., - not voting

FOOTNOTES